UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NORMAN LOCKLEY,

                    Petitioner,

vs.                                          Case No.  5:10-cv-64-Oc-29TBS

WALTER MCNEIL, SECRETARY
FLORIDA DEPARTMENT OF
CORRECTIONS; THE ATTORNEY
GENERAL OF THE STATE OF FLORIDA,

                    Respondents.
_____

**OPINION AND ORDER**

**Status**

Petitioner Lockley (hereinafter "Petitioner" or "Defendant") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on February 17, 2010.  Respondent filed a Response (Doc. #9, Response) to the Petition and supporting exhibits (Doc. #10, Exhs. A-H) consisting of, *inter alia*, the transcript of the plea colloquy and postconviction pleadings.  Petitioner filed a Reply (Doc. #11, Reply).  Thereafter, the case was administratively closed pursuant to the Court's Order (Doc. #27) granting Petitioner's unopposed motion to stay the case pending resolution of Shelton v. Sec'y Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012).  In May 2013, the case was reopened based on the Eleventh Circuit's order reversing Shelton v. Sec'y Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla.

July 27, 2011) and finding that Florida's drug statute was constitutional.[1]  <u>See</u> Doc. #42.  This matter is ripe for review.

## Procedural History

Petitioner was charged in an amended information of the following six counts: (1) sale of cocaine; (2) possession of cocaine with intent to sell/deliver; (3) trafficking in cocaine 28 grams or more; (4) trafficking in cocaine 400 grams or more; (5) possession of cannabis with intent to sell; and, (6) conspiracy to traffic cocaine. Exh. A at 14-15, 28-29.  The incidents leading to these charges occurred when Petitioner sold cocaine to two confidential informants, who were working with the Citrus County Sheriff's Office, on October 26, 2006, November 21, 2006, and December 7, 2006. <u>See</u> Exh. H at 4-11.  On the morning Petitioner's trial was scheduled to begin, he plead *nolo contendere* to the charges set forth in the amended information in open court. <u>See</u> Exh. B (plea hearing).  As a result of the negotiated plea agreement, Petitioner was sentenced to fifteen-years incarceration, which was the minimum mandatory sentence.  <u>Id.</u> at 4-5, 24-25.

Petitioner then pursued postconviction relief.  Petitioner filed a direct appeal.  The direct appeal was dismissed based on

---

[1]To the extent Petitioner moves to supplement his Petition, <u>see</u> Doc. #43, to include a claim that the Florida drug statute he was sentenced under is unconstitutional pursuant to <u>Shelton</u>, 802 F. Supp. 2d 1289 (M.D. Fla. July 27, 2011), the Motion is denied. Florida's drug statute is constitutional.  <u>See</u> <u>Shelton</u>, 691 F.3d 1348 (11th Cir. 2012).

Petitioner's failure to comply with the appellate court's orders. See Exh. C. Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion") raising the same four claims of ineffective assistance of counsel as set forth in the instant Petition. Exh. D. The postconviction court summarily denied the motion as refuted by the record and further found the claims barred by Petitioner's knowing and voluntary *nolo contendere* plea. Exh. E. Petitioner then initiated the instant § 2254 Petition.

## Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 473-475 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474-475; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).[2] A federal court may entertain an application

---

[2]The AEDPA imposes a one-year statute of limitations on § 2254 actions. 28 U.S.C. § 2244(d). Respondent concedes that the
(continued...)

for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2](...continued)
Petition is timely filed in this Court. Response at 2. The Court agrees that the Petition is timely.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  Ponticelli v. Sec'y Dep't of Corr., 690 F.2d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable

application of, "clearly established Federal law." <u>Wright v. Van Patten</u>, 552 U.S. 120, 126 (2008); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown</u>, 544 U.S. at 141; <u>Mitchell</u>, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new

context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520).   The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003)(citation omitted); Mitchell, 540 U.S. at 17-18.   Depending upon the legal principle at issue, there can be a range of reasonable applications.  Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).   Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard.   Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."   28 U.S.C. § 2254(d)(2).   Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question.   Rice v. Collins, 546 U.S. 333, 338 (2006).   Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91.   This statutory presumption of

correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001)(citation omitted).

Here, Petitioner challenges his plea-based judgment and argues that trial counsel rendered ineffective assistance by: (1) failing to investigate the facts surrounding his possession and sale of cocaine charges and failing to advise of any possible defense to these charges; (2) failing to investigate the facts surrounding his trafficking in cocaine charge and failing to advise of any possible defense to these charges; (3) failing to suppress a search warrant of the house; and, (4) failing to advise of a defense to the charges because the narcotics were found in his residence also occupied by his pregnant girlfriend.[3] Petition at 6-9.

A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections. A plea of *nolo contedere* has the same legal effect in a criminal proceeding as a guilty plea. Carter v. Gladish, Case No. 8:03-cv-1194-T-17TBM, 2005 WL 1712263 *9 (M.D. Fla. 2005)(noting under Florida law a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a guilty plea). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due

---

[3]To clarify, Petitioner's girlfriend was not in the residence when the narcotics were found. Petition at 9.

process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991)(other citations omitted). For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the legal options and alternative that are available.'" Finch v. Vaughn, 67 F.3d 909, 914 (11th Cir. 1995)(citations omitted)(emphasis in original).

Ineffective assistance of counsel may require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. See Hill v. Lockhart, 474 U.S. 52, 56 (1985)(quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"). However, a knowing and voluntary plea waives all constitutional challenges to a conviction, including a claim of ineffectiveness of counsel. Wilson v. United States, 962 F.2d 996,

997 (11th Cir. 1992); see also Hutchins v. Sec'y Dep't of Corr., 273 Fed. App'x 777 (11th Cir. 2008)(affirming district court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntary entered).

Here, the record shows that the trial court found Petitioner's plea was entered knowingly and voluntarily and this Court gives deference to the state court's determination.  See Exh. E. The facts presented by the prosecutor at the plea hearing are as follows:  The trial transcript reflects that the trial judge and counsel asked Petitioner a series of questions prior to accepting the plea. See Exh. B.  The transcript from the plea hearing shows that Petitioner was present when counsel told the Court that Petitioner was entering the plea. Id. at 1, 4-5 Petitioner stated under oath that he discussed the case with his attorney, his lawyer explained all of his rights to him with respect to the plea, and he understood what his sentence would be if he plead guilty to the charges even prior to the plea colloquy. Id. at 15-19. Petitioner stated that he was not under the influence of any substance, was not coerced or threatened to enter the plea, and that he read his plea form. Id. at 11-12. Petitioner answered affirmatively that he believed the plea was in his best interests and that he understood his constitutional rights. Id. at 18. Petitioner further answered the affirmative that, by entering the plea and waiving his rights, that he would forever waive his rights to

appeal or challenge any of the issues of the case, either the facts of the case or the legality of any decisions reached, except to the extent any claims were reserved by the plea agreement.  Id. at 19. The record shows that Petitioner reserved no claims.

Based on the foregoing, it is clear that Petitioner knowingly and voluntarily plead guilty to the offenses for which he was convicted, thereby waiving these ineffective assistance of counsel claims that arose prior to entry of the plea.  Petitioner understood the nature of the charges and believed it was in his best interests to enter the negotiated *nolo contendere* plea agreement. See Exh. B at 20.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Petitioner's motion to supplement (Doc. #43) is **DENIED**.

2.  The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice**.

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on the petition.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1);

Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).

Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   19th   day of September, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-12-